IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

MAR 3 | 2017

CLERK, U.S. DISTRICT COURT
By_____
Deputy

| | | |
|---|---|---|
| DAVID L. RHONE, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | No. 4:16-CV-350-A |
| | § | |
| LORIE DAVIS, Director, | § | |
| Texas Department of Criminal | § | |
| Justice, Correctional | § | |
| Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION
### and
### ORDER

This is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner, David L. Rhone, a state prisoner incarcerated in the Correctional Institutions Division of the Texas Department of Criminal Justice (TDCJ), against Lorie Davis, director of TDCJ, respondent. After having considered the pleadings, state court records, and relief sought by petitioner, the court has concluded that the petition should be dismissed as time-barred.

## I. Factual and Procedural History

On June 20, 2014, in Criminal District Court Number One of Tarrant County, Texas, Case No. 1360187D, petitioner waived his right to a jury trial, pleaded guilty to one count of sexual

assault of a child under 17 years of age and was sentenced to 15 years' confinement. (SHR at 50-55.[1]) Petitioner did not directly appeal his conviction or sentence. (Pet. at 3.) On August 31, 2015,[2] petitioner filed a state habeas application challenging his conviction, which was denied by the Texas Court of Criminal Appeals on April 6, 2016, without written order on the findings of the trial court. (SHR, "Action Taken.") Petitioner filed this federal petition for habeas relief on May 10, 2016.[3] (Pet. at 10.) Generally, petitioner raises four grounds for habeas relief alleging ineffective assistance of trial counsel. (*Id.* at 6.) Respondent contends the petition is untimely under the federal statute of limitations. (Resp't's Preliminary Answer at 4-9.)

## II.   Statute of Limitations

Title 28 U.S.C., § 2244(d) imposes a one-year statute of limitations on federal petitions for writ of habeas corpus filed

---

[1]"SHR" refers to the record of petitioner's state habeas proceeding in WR-84,728-01.

[2]Typically, a petitioner's state habeas application is deemed filed when placed in the prison mailing system, however petitioner's petition does not provide the date the document was placed in the prison mailing system. *Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. 2013). Petitioner signed the "Inmate's Declaration" verifying the application on July 15, 2015, however it was not received for filing by the Tarrant County District Clerk until August 31, 2015. Due to the unexplained delay, petitioner is not given the benefit of the mailbox rule.

[3]Likewise, an inmate's federal habeas petition mailed via the prison mailing system is deemed filed when the document is placed in the prison mail system for mailing. *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998).

by state prisoners. Section 2244(d) provides:

> (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitations period shall run from the latest of–
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

Because petitioner's claims involve matters related to his 2014 conviction, subsection (A) applies to his case. Under subsection (A), the limitations period began to run on the date

3

on which the judgment of conviction became final by the
expiration of the time for seeking direct review. For purposes of
this provision, the judgment became final upon expiration of the
time petitioner had for filing a timely notice of appeal on
Monday, July 21, 2014. Thus, the limitations period commenced on
July 22, 2014, and expired one year later on July 21, 2015,
absent any applicable tolling. *See* TEX. R. APP. P. 26.2; *Flanagan
v. Johnson*, 154 F.3d 196, 200-02 (5th Cir. 1998).

Tolling of the limitations period may be appropriate under
the statutory tolling provision in § 2244(d)(2) and/or as a
matter of equity. Under the statute, petitioner's state habeas
application filed on August 31, 2015, after limitations had
already expired did not operate to toll the limitations period.
*Moore v. Cain*, 298 F.3d 361, 366-67 (5th Cir. 2002); *Scott v.
Johnson,* 227 F.3d 260, 263 (5th Cir. 2000). Thus, the petition is
untimely unless petitioner is entitled to equitable tolling.

Equitable tolling of the statute of limitations is permitted
only in rare and exceptional circumstances when an extraordinary
factor beyond a petitioner's control prevents him from filing in
a timely manner or he can make a convincing showing that he is
actually innocent of the crime for which he was convicted.
*McQuiggin v. Perkins*, — U.S. —, 133 S. Ct. 1924, 1928 (2013);

4

*Holland v. Florida*, 560 U.S. 631 , 649 (2010). Petitioner does not explain his delay in his pleadings, and there is no evidence in the record that he was prevented in some extraordinary way from asserting his rights in state or federal court. Further, although he makes a passing reference to his innocence in the petition, "'[t]o be credible,' a claim of actual innocence must be based on reliable evidence not presented at trial" and affirmatively demonstrate innocence. *Calderon v. Thompson,* 523 U.S. 538, 559 (1998) (quoting *Schlup v. Delo,* 513 U.S. 298, 324 (1995)). New evidence may consist of "exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence" and must be sufficient to persuade the district court that "no juror, acting reasonably, would have voted to find [the petitioner] guilty beyond a reasonable doubt." *McQuiggin,* 133 S. Ct. at 1928 (quoting *Schlup,* 513 U.S. at 329). Assuming, without deciding, that *McQuiggin* applies in the context of a guilty plea, Petitioner has not made a credible showing that he is actually innocent of the crime in light of "new evidence." In fact, he presented no evidence in support of his claims in the state courts and presents none herein.

Therefore, petitioner's federal petition was due on or before July 21, 2015. His petition, filed on May 10, 2016, is

untimely.

For the reasons discussed herein,

It is ORDERED that petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby, dismissed as time-barred.

It is further ORDERED that a certificate of appealability be, and is hereby, denied. Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability is issued under 28 U.S.C. § 2253. The certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2); *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003). "Under this standard, when a district court denies habeas relief by rejecting constitutional claims on their merits, 'the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *McGowen v. Thaler,* 675 F.3d 482, 498 (5th Cir. 2012) (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)). When the district court denies the petition on procedural grounds without reaching the merits, the petitioner must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the

district court was correct in its procedural ruling." *Id.*
(quoting *Slack,* 529 U.S. at 484). This inquiry involves two
components, but a court may deny a certificate of appealability
by resolving the procedural question only. Petitioner has not
made a showing that reasonable jurists would question this
Court's procedural ruling.

 SIGNED March **31**, 2017.



         JOHN MCBRYDE
         UNITED STATES DISTRICT JUDGE